# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 1044 | **DATE** | 4/2/2001 |
| **CASE TITLE** | USA vs. Felix Vasquez-Ruiz | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached order, defendant's motion for bill of particulars (8-1) is granted in part and denied in part. The government is directed to provide defendant, no less than 60 days prior to trial, a bill of particulars identifying all patient-victims of the alleged offenses, all records claimed to include false entries, and all allegedly fraudulent bills to insurers, and to provide, no less than 30 days prior to trial, a bill of particulars identifying the specific items of property (including money and substitute assets, if any) that it claims are subject to forfeiture.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 0 3 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING 01 APR -2 PM 5:35 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 00 CR 1044 |
| ) | |
| FELIX VASQUEZ-RUIZ ) | |

DOCKETED
APR 0 3 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant has moved for a bill of particulars pursuant to Fed. R. Crim. P. 7(f), seeking specification of some 22 separate items. For the reasons stated below, the motion is granted in part and denied in part.

Under Rule 7(f), a court may order a bill of particulars if the indictment fails to provide sufficient notice of the charges to allow the defendant to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981). A defendant is only entitled to be informed of the charges against him; he is not entitled to know the details of how the government will go about proving its case. *Id.; see also United States v. Glecier*, 923 F.2d 496, 502 (7th Cir.1991). In considering whether to require a bill of particulars, the court may consider the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill of particulars. *See, e.g., United States v. Andreas*, No. 96 CR 762, 1998 WL 120352, at *1 (N.D. Ill. Mar. 13, 1998); *United States v. Esteves*, 886 F. Supp. 645, 646 (N.D. Ill. 1995).

The charges in this case are complex. Defendant, a practicing physician, is charged with seven counts of mail fraud in violation of 18 U.S.C. §1341 and eighteen counts of health care fraud in violation of 18 U.S.C. §1347. He is alleged to have conducted a scheme that involved

ordering medically unnecessary tests for patients, making the patients believe they needed the tests, making false entries in the patients' records to justify the tests, and submitting over $400,000 in fraudulent bills to insurance companies. The scheme is claimed to have covered a period of three and one-half years.

The indictment identifies a wide variety of types of allegedly unnecessary tests that defendant ordered, including ultrasounds, thyroid tests, heart tests, chest x-rays, and nerve conduction tests. It describes these only in generic terms, however; there is no specification of the particular tests claimed to be unnecessary. The indictment also identifies certain bills claimed to be false which were sent in furtherance of the scheme. It does not purport, however, to identify the entire universe of false billings, nor does it identify the patients claimed to have been subjected to unnecessary tests (except to the extent they are identified in the handful of false billings listed in the indictment).

The government has produced some 17,000 pages of documents to defendant. It has also provided early disclosure of witness statements made in the course of its investigation, as well as charts summarizing insurance data. It has described, at least in outline form, its theory of the case. *See* Govt. Response at 3-9. And it has provided, or will provide, reports from experts who evidently will testify concerning the medical necessity for the tests that defendant allegedly ordered.

In view of the amount of early pretrial discovery that has been provided beyond the requirements of Rule 16 (namely the witness statements and charts), most of defendant's requests go beyond what is necessary and appropriate. *See, e.g., United States v. Canino,* 949 F.3d 928, 949 (7th Cir. 1991); *Glecier,* 923 F.2d at 502. However, the Court believes that defendant is

2

entitled to know prior to trial certain basic matters: the identity of the patient-victims of the alleged offenses, the records claimed to include false entries, and any allegedly fraudulent bills to insurers. The defense should not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations, which have not yet been disclosed. *See United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988) (pretrial production of §3500 and other discovery material "may not be automatically relied on by the Government as an adequate substitute for a straightforward identification in a bill of particulars of the identity of victims of offenses that the prosecution intends to prove").

In a similar scenario, the Second Circuit reversed a conviction for failure to require a bill of particulars in *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987). The defendants in *Bortnovsky* were charged with a scheme to defraud involving the submission of false and inflated insurance claims for alleged burglary losses and fire damage. They sought a bill of particulars identifying any allegedly staged burglaries and specification of the insurance claims alleged to be false. This was denied due to the fact that the government had produced a large quantity of records in the course of discovery. The Second Circuit held that it was error to refuse the bill of particulars, holding that "[t]he Government did not fulfill its obligation [to inform defendants of the charges] merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged." *Id.* at 575.

The prejudice to the defendants in *Bortnovsky* was demonstrated largely from the way things developed at trial: the government offered evidence of fifteen burglaries but only introduced evidence that seven were staged, effectively requiring defendants to try to disprove

3

the other eight as well. Obviously one cannot predict in advance whether similar prejudice would occur here if we sided with the government and denied defendant's motion. But one reason to provide a bill of particulars is to prevent the likelihood of such surprise and to permit the defendant to prepare for trial. There is no good reason to require the defendant to engage in guesswork to determine who the victims of the offense were, what bills the government will claim were false, and what tests it will claim were unnecessary. The government must provide this information in a bill of particulars; the Court will make the due date for the bill the same as the date for the government's expert disclosures under Rule 16(a)(1)(E).

Finally, the indictment seeks forfeiture of the proceeds and property derived from the proceeds of the health care fraud offenses charged in Counts 8 through 27. Rule 7(c)(2) provides that no judgment of forfeiture may be entered unless the indictment alleges "the extent of the interest or property subject to forfeiture." The rule does not require that an indictment describe each item subject to forfeiture, so long as a bill of particulars supplies the missing detail. *See, e.g., United States v. Estevez*, 845 F.2d 1404, 1411 (7th Cir.1988). The indictment here does not refer to any particular property belonging to defendant, stating only that the property unlawfully obtained, and its proceeds or any substitute assets, is subject to forfeiture. Accordingly, the Court directs the government to identify in a bill of particulars, at least 30 days prior to trial, the specific items of property (including money and substitute assets, if any) that the government claims are subject to forfeiture. *See also, e.g., United States v. Stocker*, No. 89-463, 1990 WL 157153, at *2 (E.D. Pa. Oct. 10, 1990).

### Conclusion

For the reasons stated above, defendant's motion for bill of particulars [8-1] is granted in

4

part and denied in part. The government is directed to provide defendant, no less than 60 days prior to trial, a bill of particulars identifying all patient-victims of the alleged offenses, all records claimed to include false entries, and all allegedly fraudulent bills to insurers, and to provide, no less than 30 days prior to trial, a bill of particulars identifying the specific items of property (including money and substitute assets, if any) that it claims are subject to forfeiture. Defendant's motion is otherwise denied.

MATTHEW F. KENNELLY
United States District Judge

Date: April 2, 2001

5